UNITED STATES V. JAMES LEIGHTON, ALIAS ETC.

1. EVIDENCE: PREVIOUS THREATS. Previous threats alone, unaccompanied with any present hostile demonstration either real or apparent, neither justify nor excuse nor mitigate a killing; neither does mere apprehension of future danger.

2. SAME: When, at the time of the killing, the deceased was making no demonstration whatever toward defendant nor any person whom he had the right to defend, and defendant knew him to be unarmed, and the killing was with a deadly weapon, evidence of previous threats by deceased cannot be material for any purpose.

*Writ of error to the First Judicial District Court.*

The facts appear in the opinion of the Court.

*Bartlett Tripp*, for plaintiff in error.

*Hugh J. Campbell*, U. S. Attorney, for defendant in error.

No briefs on file.

MOODY, J.—The defendant (plaintiff in error) was tried and convicted at the August 1881 term of the First Judicial District court for the murder of one Bisente Ortez, killed at the Sioux Indian reservation in 1879.

But one question is presented in this case for the consideration of this Court. It arises upon the ruling of the District Court at the trial in excluding evidence of previous threats made by the deceased against the defendant.

The defendant's counsel upon the trial offered to prove that several hours before the killing, upon the same day, and also upon two or three other occasions on prior days extending back to about a month previous to that time the deceased had threatened the defendant in effect to do him some great bodily harm, and to

take his life.   These threats were communicated: were, according
to the offer, made to the defendant in his immediate presence.
These offers being objected to and the evidence excluded, hence
arises the question for our consideration.

All of the evidence taken at the trial, properly authenticated,
is brought to this Court in the transcript.

The rule governing the admissibility of previous threats by the
deceased where a deliberate and willful killing with a deadly
weapon, as in this case, is proven, may be thus briefly stated,
giving the rule the most liberal interpretation favorable to the
accused that is given to it by any enlightened court.

When at the time of the encounter the deceased is making such
hostile demonstration toward the defendant as to lead him to
apprehend that he, the deceased, intends to take his life or to do
him some serious bodily harm, then such threats are admissible
as evidence to be considered by the jury in determining the
reasonableness of such apprehension, or the imminence of the
danger to which the defendant is subjected by such hostile
demonstration.

And again, when it is important to determine who made the
first felonious assault and any doubt whatever is raised by the
evidence as to who was the first assailant, evidence of previous
threats is admissible and material to be taken into consideration
by the jury in resolving such doubt.

But when at the time of the commission of the acts by the
defendant resulting in the killing, the deceased was making no
demonstration whatever toward the defendant, nor toward any
one whom the defendant had the right to defend, and it is made
clearly to appear from the undisputed facts proven that the
defendant had no ground whatever to apprehend any present
danger from the deceased, then such evidence cannot be material
for any purpose; and especially would such evidence be properly

excluded where the killing was with a deadly weapon and the deceased was known to the defendant to be unarmed.

Previous threats alone, unaccompanied with any present hostile demonstration either real or apparent, neither justify nor excuse nor mitigate a killing. Neither does mere apprehension of future danger.

I do not undertake to give the rule of admissibility of this character of evidence with that rigidness against the accused adhered to by many of the ablest and most enlightened courts. The case under consideration does not require it.

The Supreme Court of California hold this language in *People v. Scoggins*, 37 Cal., 683. " A person whose life has been threatened by another, whom he knows or has reason to believe has armed himself with a deadly weapon for the avowed purpose of taking his life or inflicting a great personal injury upon him, may reasonably infer when a hostile meeting occurs that his adversary intends to carry his threats into execution. The previous threats alone however, unless coupled at the time with an apparent design then and there to carry them into effect, will not justify a deadly assault by the other party. There must be such a demonstration of an immediate intention to execute the threat as to induce a reasonable belief that the party threatened will lose his life or suffer serious bodily injury unless he immediately defends himself against the attack of his adversary. The philosophy of the law on this point is sufficiently plain. A previous threat alone and unaccompanied by any immediate demonstration of force at the time of the rencounter will not justify or excuse an assault, because it may be that the party making the threat has relented or abandoned his purpose, or his courage may have failed, or the threat may have been only idle gasconade made without any purpose to execute it. On the other hand, if there be at the time such a demonstration of force as would induce a well founded belief in the mind of a reasonable person that his adversary was

on the eve of executing the threat, and that his only means of escape from death or great bodily injury was immediately to defend himself against the impending danger, the law of self defense would justify him in the use of whatever force was necessary to avert the threatened peril. In such a case, proof of the previous threat, and that it was communicated to the defendant would be competent, as tending to show the *animus* of the party, and that the defendant acted upon a well grounded apprehension that his adversary was about immediately to put his threat into execution."

Several persons witnessed the killing in this case and gave evidence of the facts before the court and jury. The defendant was a witness in his own behalf and gave his version of the occurences. The facts that the deceased was wholly unarmed and known to be so by the defendant, and that he was making no demonstration whatever toward the defendant or any one else, are clearly proven, are not disputed in the evidence, nor in any manner rendered doubtful. It appears the parties were teamsters engaged in driving in the same ox train from Deadwood to Pierre. Their teams were contiguous during the day and upon driving into camp in the afternoon they commenced unyoking their cattle near together; that while so engaged, the the defendant in the presence of the "wagon bosses" said to the deceased, "Now I am going to say right here before the bosses that if ever you scare my cattle again" (referring to some previous occasion) I'll beef you." To this the deceased made no reply, but continued unyoking his cattle, and when he had finished, passed near to the defendant; and as he passed him the defendant applied an approbrious epithet to him, which the deceased answered in about the same language. The defendant then said, "You wait a bit and I'll fix you" or "I'll settle it." Then the deceased walked away several steps and sat down on a yoke. The defendant finished unyoking his team, went several

yards away to a wagon, took out of it a revolver, buckled the belt around him, took the revolver in his right hand, walked back to where the deceased was sitting with his back toward the defendant. As he came near to the deceased, defendant said to him, "you called me" so and so—using vile language. The deceased said, ".you called me so first," and as the deceased was in the act of rising from his seat the defendant shot.him, the ball striking him in the arm; then as the deceased fled, the defendant fired three other shots, the fatal ones striking the deceased in the back, penetrating and passing entirely through his body, producing death in a very short time.

With these uncontradicted and in no wise doubtful facts, and in view of the fact that the defendant had from the witness stand admitted them, proof of prior threats made by the deceased against the defendant was wholly immaterial. Such threats if proven would neither have justified, excused, nor mitigated the acts of the defendant toward this unarmed and then quiet and peaceful man. There was no doubt from the defendant's own evidence as well as from the evidence of all the witnesses, who made the assault, and that the deceased was making no demonstration of any kind, toward the defendant. Such evidence would not have assisted a defense, for defense there was none.

Its exclusion did not unjustly or unlawfully prejudice the defendant, and no error was committed by such exclusion. The brief reference in the argument to the charge of the judge, related to the same subject, and is covered by the views already expressed.

There being no error in the record, the judgment of the district court is affirmed, and the cause remanded with directions to carry the judgment into effect according to law.

All of the Justices concurring.